### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SETH MOSES,<br>    *Plaintiff*,<br><br>v.<br><br>PAM BONDI, *et al.*,<br>    *Defendants* | Civil Action No.<br>25-4020-ABA |

### MEMORANDUM

    Self-represented Plaintiff Seth Moses filed his complaint on December 8, 2025. In his complaint, Mr. Moses alleges that his "mind and power" have been unlawfully accessed to "power a supercomputer and new inventions," including "the discovery of quantum physics through a claim of [Plaintiff] that he can be presented to the public as the world's first superhuman." ECF No. 1 at 37. He alleges that he realized this after having reached "a greater extra sensory perception through decades of meditation and psychiatric wellness practices" and "after experiencing the discovery of telepathigenis experience while smoking a cannabis pre-roll containing a greater than standard percentage of potency on a lunch-break at former employment Target Corporation." ECF No. 1 at 15. Mr. Moses states that his complaint is, in effect, a "formal statement" of proof that he is being used for "monetary gain" for the government through human experimentation by way of "software interconnected with [his] mind." ECF No. 1 at 29.

    In his complaint, Mr. Moses details a great number of perceived injuries in a largely incomprehensible stream-of-consciousness style, including that his month-long stay at an inpatient psychiatric unit is an example of organized crime, for which he is seeking relief. ECF No. 1 at 18. Mr. Moses also alleges copyright infringement on a

Reddit "highlight reel," ECF No. 1 at 27–28, and accuses certain online game players of "'trolling' in warzone." ECF No. 1 at 24, 26. Mr. Moses asks the Court to grant various arrest warrants for former acquaintances, classmates, and employers for a variety of alleged crimes, including that he was "falsely imprisoned [and] raped in cold blood in his own home by a demonic creature." ECF No. 1 at 26, *see, e.g.*, ECF No. 1 at 14–31. Mr. Moses also notes that Judge Hurson described his prior dismissed complaint as "frivolous" and "undecipherable." ECF No. 1 at 23. Mr. Moses is additionally seeking monetary compensation for medical treatments during his soccer career, expenses related to his retirement, and individualized player value because of retirement, totaling $340,000. ECF No. 1 at 9, 30. Mr. Moses filed two Motions for Leave to Proceed *in forma pauperis* on December 8, 2025, ECF No. 2, and December 19, 2025, ECF No. 6. The Court will grant the motions for *in forma pauperis* status and, on its own initiative, dismiss the complaint for lack of subject matter jurisdiction.

Federal courts have limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.* 147 F.3d 347, 352 (4th Cir. 1998). Federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction where no defendant may be a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Mr. Moses lists federal question jurisdiction as the basis of jurisdiction in this case, seeking relief from an extensive list of federal and state statutes, as well as Constitutional Amendments and various international law. ECF No. 1 at 10–13.

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that this Court may ignore a clear failure to allege facts that set forth a plausible claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivilous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014). And "because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Id.* A complaint is frivolous if it is "based on an indisputably meritless legal theory, but also . . . [when its] factual contentions are clearly baseless" such as those "describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (describing frivolousness under now 28 U.S.C. §1915(g) in the context of self-represented prisoners). Even reading the complaint with deference to Mr. Moses, the Court has failed to find any non-frivolous plausible basis for any cause of action. Accordingly, the complaint will be dismissed.

   A separate order follows.

Date:  February 6, 2026              _____/s/_____
                                                     Adam B. Abelson
                                                       United States District Judge